# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORRIS PARRISH, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4871 |
| | : | |
| CORRECTIONS EMERGENCY | : | |
| RESPONSE TEAM (CERT), *et al.*, | : | |
|    *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                                             **DECEMBER 21, 2018**

      Plaintiff Morris Parrish, a prisoner currently incarcerated at SCI-Phoenix, brings this *pro se* civil action pursuant to 42 U.S.C. §§ 1983 and 1985, against the Corrections Emergency Response Team (CERT), John/Jane Doe CERT Team Members, Superintendent Tammy Ferguson (misspelled "Furguson"), Secretary John Wetzel, Major Gina Clark, and "Those Whose Involvements and/or Identities are Presently not Known." He essentially alleges that his constitutional rights were violated in connection with the destruction of his property. In an Order docketed on November 14, 2018, the Court informed Parrish that to proceed with this case, he was required to either pay the $400 in fees to commence this civil action, or file a motion to proceed *in forma pauperis* with a certified copy of his prisoner trust fund account statement for the six-month period prior to filing this case. (ECF No. 3.)

      On December 18, 2018, the Court received $400 from Parrish along with a Motion to Proceed *In Forma Pauperis* and a copy of his Prisoner Trust Fund Account Statement reflecting a current account balance of $2,096.58. (ECF Nos. 4 & 5.) As Parrish has paid the fees to commence this civil action, and as his account balance reflects he is

1

capable of paying those fees, the Court will deny the Motion for Leave to Proceed *In Forma Pauperis*. Additionally, for the following reasons, the Court will dismiss Parrish's Complaint for failure to state a claim without prejudice to amendment.

I

Parrish's claims stem from the Pennsylvania Department of Corrections' movement of prisoners from the now defunct SCI-Graterford to the newly-constructed SCI-Phoenix in July of 2018. According to the Complaint, CERT is a team of prison staff that, under the direction of Ferguson and Clark, moved the legal and personal property of inmates from SCI Graterford to SCI Phoenix. Defendant Clark is specifically identified as a "major of the guards at Graterford" who "had the power and responsibility to direct CERT . . . to put their name tags upon their uniforms, whereas, if anything – as was the case here – were to go wrong with the particular inmate's property, then that inmate would know whom to name as having been in control of his property." (Compl. at 4.)[1]

Parrish alleges that on July 15, 2018, he was "directed to relinquish his personal/legal property to Doe CERT Member" and that his property was supposed to "join him later after it's being searched and/or inspected by Doe CERT Member(s)." (*Id.* at 5.) When Parrish's property was returned to him, certain items were missing, specifically:

> 1) legal papers, 2) five photos of a female friend of [Parrish's], three photos [in] which she was wearing bikini swimsuits, and two [in] which she was wearing a nightgown negligee, 3) one pair of sunglasses, one sweat shirt, one terry cloth bathrobe, two tubes of toothpaste, one suave lotion, two Dial deodorant roll-ons, one speed stick deodorant, one razor, two bags of Maxwell House coffee, two jars of honey, and four plastic clothing hooks.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

2

(*Id.*) Parrish also discovered that some of his property was defaced and/or destroyed. Specifically, he alleges that unknown CERT members defaced his mother's obituary by "scrubb[ing] out the center portion of [his] mother's face in various scenes on the obituary." (*Id.*)

Parrish alleges that Superintendent Ferguson's "lack of supervision allowed Doe CERT Members to remove their name tags so that their names would be unknown to the inmates whose property [they] mistreated." (*Id.* at 5-6.) He also alleges that the members of CERT conspired with each other to "mistreat[] and abus[e] the personal/legal property in a similar fashion of more than one hundred of the inmates whom they moved" which Parrish asserts is evidenced by the fact that they removed their name tags. (*Id.* at 6.) Parrish reiterates that Clark permitted the guards to "keep their name tags hidden." (*Id.*)

Parrish filed a grievance about the loss and/or destruction of his property. He alleges that Ferguson suspended certain aspects of the grievance system and failed to respond to his grievance. Parrish attached copies of his grievances and inquiries about his grievance to his Complaint.

Based on those allegations, Parrish alleges that the Defendants violated his First, Eighth, and Fourteenth Amendment rights. He also asserts conspiracy claims pursuant to § 1985. Parrish seeks damages and a declaratory judgment that his rights have been violated.[2]

---

[2] "Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another." *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam) (citing *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) and *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994) (en banc)); *see also Andela v. Admini. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (per curiam) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the

3

II

Although Parrish has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Probation & Parole*, No. 96-7923, 1997 WL 338838, at

---

anticipation of some future conduct."). As Parrish is essentially seeking a declaration that his rights were violated in the past, and as declaratory relief is improper for that purpose, the Court will dismiss Parrish's requests for declaratory judgment as legally baseless. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

4

*1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Parrish is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

A

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Parrish's Complaint fails to state a claim.

1

Parrish's allegations about shutting down the grievance system do not state a claim. "Prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, although shutting down the grievance system would affect the analysis regarding whether Parrish properly exhausted his claims as required by the Prison Litigation Reform Act, it does not provide an independent basis for a constitutional claim here.

2

The Court understands Parrish to be pursuing a claim under the First Amendment that he was denied access to the courts in connection with the destruction of his legal property. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*.

Here, Parrish has not described any injury suffered as a result of the destruction or loss of his legal property. He also has not alleged any other plausible basis for a First Amendment claim. Accordingly, the Court will dismiss any First Amendment claims.

3

Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*,

511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

While the Court does not condone the intentional destruction of an inmate's property, the loss, theft, or destruction of Parrish's property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. *See Young v. Edward*, No. 1:17-CV-1736, 2018 WL 4616245, at *3 (M.D. Pa. Sept. 26, 2018) ("The alleged destruction of personal property does not constitute a deprivation of the sort within the protection of the Eighth Amendment."); *Payne v. Duncan*, No. 3:15-CV-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017); *Dean v. Folino*, No. CIV.A. 11-525, 2011 WL 4527352, at *3 (W.D. Pa. Aug. 22, 2011) (allegations regarding destruction of property did not state Eighth Amendment claim), *report and recommendation adopted*, No. CIV.A. 11-525, 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011). Parrish cannot state an Eighth Amendment claim based on CERT's destruction of his personal or legal property.

The Court understands Parrish to be pursuing a due process claim under the Fourteenth Amendment based on the loss and/or destruction of his property. However, there is no basis for a due process claim because Pennsylvania law provides Parrish with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

Parrish also appears to be raising an equal protection claim under the Fourteenth Amendment. However, nothing in Parrish's Complaint suggests that he was treated differently due to his membership in a protected class. Indeed, prisoners do not constitute a protected class for Fourteenth Amendment purposes. *See Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001). Furthermore, Parrish has not alleged that he was treated differently from others who were similarly situated. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment"). To the contrary, the Complaint reflects that Parrish is alleging that many inmates were

subjected to the same or similar conditions of which he complains.  Accordingly, Parrish has not alleged a basis for an equal protection claim.

B

Parrish's § 1985 claims also fail.  "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").  While Parrish suggests that the Defendants conspired against him and other inmates, he fails to mention the type of race- or class-based discrimination that is required to state a claim under § 1985(3).  The Court will therefore dismiss any § 1985 claims.

IV

For the foregoing reasons, the Court will dismiss Parrish's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  In light of Parrish's *pro se* status, the Court will give Parrish an opportunity to file an amended complaint in the event he can state a plausible basis for a constitutional claim.  An appropriate Order follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**