## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MORRIS PARRISH,     :
  *Plaintiff,*      :
           :
 v.         :   CIVIL ACTION NO. 18-CV-4871
           :
CORRECTIONS EMERGENCY  :
RESPONSE TEAM (CERT), *et al.*, :
  *Defendants.*     :

## <u>MEMORANDUM</u>

**PAPPERT, J.**             **APRIL 12, 2019**

   Plaintiff Morris Parrish, a prisoner currently incarcerated at SCI-Phoenix, brings this *pro se* civil action based on allegations that correctional officers violated his constitutional rights by destroying his property while relocating inmates from the now defunct SCI-Graterford to the newly constructed SCI-Phoenix.  The Court screened Parrish's initial Complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed it for failure to state a claim, but gave Parrish leave to file an amended complaint.  Parrish's Amended Complaint is currently before the Court.  (ECF No. 10.)  For the following reasons, the Court will dismiss the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

I

   The Complaint named as Defendants Secretary John Wetzel, Superintendent Tammy Ferguson, Major Gina Clark, the Corrections Emergency Response Team (CERT)—a group of correctional officers responsible for moving inmate belongings during the transfer between facilities, and various John and Jane Doe Defendants. Parrish alleged that on July 15, 2018, he was "directed to relinquish his personal/legal

1

property to Doe CERT Member" and that his property was supposed to "join him later after it's being searched and/or inspected by Doe CERT Member(s)." (Compl. at 5.)[1] When Parrish's property was returned to him, certain items were missing, specifically:

> 1) legal papers, 2) five photos of a female friend of [Parrish's], three photos [in] which she was wearing bikini swimsuits, and two [in] which she was wearing a nightgown negligee, 3) one pair of sunglasses, one sweat shirt, one terry cloth bathrobe, two tubes of toothpaste, one suave lotion, two Dial deodorant roll-ons, one speed stick deodorant, one razor, two bags of Maxwell House coffee, two jars of honey, and four plastic clothing hooks.

(*Id.*) Parrish also discovered that some of his property was defaced and/or destroyed. Specifically, he alleges that unknown CERT members defaced his mother's obituary by "scrubb[ing] out the center portion of [his] mother's face in various scenes on the obituary." (*Id.*)

Parrish alleged that Superintendent Ferguson's "lack of supervision allowed Doe CERT Members to remove their name tags so that their names would be unknown to the inmates whose property [they] mistreated." (*Id.* at 5-6.) He also alleges that the members of CERT conspired with each other to "mistreat[] and abus[e] the personal/legal property in a similar fashion of more than one hundred of the inmates whom they moved" which Parrish asserted was evidenced by the fact that they removed their name tags. (*Id.* at 6.) Parrish also claimed that Clark permitted the guards to "keep their name tags hidden." (*Id.*)

Parrish filed a grievance about the loss and/or destruction of his property. He alleged that Ferguson suspended certain aspects of the grievance system and failed to respond to his grievance. Based on those allegations, Parrish brought claims under 42

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

U.S.C. § 1983 for violation of his First, Eighth, and Fourteenth Amendment rights, as well as a conspiracy claim pursuant to § 1985.

In a Memorandum and Order entered on the docket on December 21, 2018, the Court dismissed Parrish's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). First, the Court explained that prison inmates lack a constitutionally protected right to a grievance process, so any failure of the grievance system did not give rise to a constitutional claim. Second, the Court concluded that Parrish failed to state a claim for denial of access to the courts based on the destruction of his legal property because he did not describe any non-frivolous claim that he lost due to the destruction of his legal materials or otherwise describe any actual injury. Third, Parrish failed to state an Eighth Amendment claim because the destruction of property does not equate to the denial of the minimal civilized measure of life's necessities. Fourth, Parrish could not state a due process claim based on the destruction of his property because state law provided him with an adequate remedy for the deprivation. Fifth, Parrish failed to state an equal protection claim, especially since his allegations reflected that he was treated the same as others similarly-situated. Finally, the Court concluded that Parrish failed to state a claim under § 1985(3) because he failed to allege the type of race- or class-based discrimination addressed by that statute.[2] The Court dismissed the Complaint without prejudice to Parrish filing an amendment.

After having been granted an extension, Parrish filed his Amended Complaint. The Amended Complaint is based on essentially the same allegations as Parrish's

---

[2] The Court also observed that any requests for declaratory relief relative to past conduct were legally baseless.

3

initial Complaint, *i.e.*, that members of CERT destroyed his property.  He contends that

they "unreasonably seized, destroyed, and discarded [his] legal and personal property

without notice given, without warning, without hearing and a full and fair opportunity

to defend against without providing just compensation . . . ."  (Am. Compl. at 5.)

Parrish indicates that he is raising claims pursuant to § 1983 under the First, Fourth,

Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments based on the destruction of

his legal and personal property.[3]  Parrish seeks damages to compensate him for his lost

property, as well as punitive damages, nominal damages, and unspecified injunctive

relief.  He also attached a copy of his original Complaint and his grievances to his

pleading.

II

Although Parrish has paid the filing fee in full, the Court has the authority to

screen his Amended Complaint pursuant to 28 U.S.C. § 1915A.  *See Shane v. Fauver*,

213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the

authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner

is not proceeding in forma pauperis).  Section 1915A requires that the Court "review,

before docketing, if feasible or, in any event, as soon as practicable after docketing, a

complaint in a civil action in which a prisoner seeks redress from a governmental entity

or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the

Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or

---

[3] In the portion of the form complaint that asks for information about exhausting
grievances, Parrish explains that grievance process was suspended, that he never received
responses to his grievances, and that the DOC implemented a new mail policy, which he
appears to be contending affected his ability to send and receive grievances.  (Am. Compl. at
8-9.)  The Court does not understand Parrish to be raising any independent claims based on
these allegations.

4

fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Probation & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Parrish is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Parrish's Amended Complaint fails to state a claim for a constitutional violation.

### A

Parrish has again failed to state a claim under the First Amendment that he was denied access to the courts in connection with the destruction of his legal property. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner

claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.*

As with his initial Complaint, Parrish has not described any actual injury suffered as a result of the destruction or loss of his legal property, nor has he described the legal property at all. He also has not alleged any other plausible basis for a First Amendment claim. Accordingly, the Court will dismiss any First Amendment claims.

### B

Parrish also has not stated a claim under the Fourth Amendment. "[P]risoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The Supreme Court has concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration."). Accordingly, the events described by Parrish do not give rise to a Fourth Amendment claim. *See Humphrey v. Sec'y Pennsylvania Dep't of Corr.*, 712 F. App'x 122, 125 (3d Cir. 2017) (per curiam) ("[T]he Fourth Amendment has no applicability to the contents of a prisoner's cell");

*Kinard v. Bakos*, 566 F. App'x 102, 104 (3d Cir. 2014) (per curiam) (search of confidential legal mail did not state claim under the Fourth Amendment).

## C

The Court understands Parrish to be raising a claim under the Takings Clause of the Fifth Amendment. "The Takings Clause of the Fifth Amendment provides that 'private property [shall not] be taken for public use, without just compensation.'"[4] *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 63 (3d Cir. 2013) (quoting U.S. Const. amend. V) (alteration in original). Nothing in the Amended Complaint suggests that Parrish's property was taken for a public purpose. Accordingly, the Takings Clause is not implicated here. *See Roop v. Ryan*, No. CV 12-0270-PHX-RCB, 2012 WL 1068637, at *3 (D. Ariz. Mar. 29, 2012) ("A prisoner property claim only implicates the Fifth Amendment Takings Clause where the prisoner alleges that prison officials took his personal property and converted it for public use without just compensation."); *Allen v. Wood*, 970 F. Supp. 824, 831 (E.D. Wash. 1997) ("Plaintiff fails to show that property he was authorized to receive was taken for public use.").

## D

Parrish also indicates that he is raising claims under the Sixth Amendment. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the

---

[4] The Takings Clause applies to the states through the Fourteenth Amendment. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001).

accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Those protections, which pertain to criminal trials, bear no relevance to Parrish's allegations about his property. Accordingly, the Court will dismiss any Sixth Amendment claims.

E

Parrish has again failed to state a claim under the Eighth Amendment. Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The loss, theft, or destruction of Parrish's property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. *See Young v. Edward*, No. 1:17-CV-1736, 2018 WL 4616245, at *3 (M.D. Pa. Sept. 26, 2018) ("The alleged destruction of personal property does not constitute a deprivation of the sort within the protection of the Eighth Amendment."); *Payne v.*

*Duncan*, No. 3:15-CV-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017); *Dean v. Folino*, No. CIV.A. 11-525, 2011 WL 4527352, at *3 (W.D. Pa. Aug. 22, 2011) (allegations regarding destruction of property did not state Eighth Amendment claim), *report and recommendation adopted*, No. CIV.A. 11-525, 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011). Accordingly, Parrish cannot state an Eighth Amendment claim based on CERT's destruction of his personal or legal property.

F

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Court is not aware of any authority that would provide a basis for a claim under the Ninth Amendment based on the destruction of an inmate's personal or legal property. Indeed, courts have generally rejected Ninth Amendment claims raised by prisoners based on complaints about prison conditions. *Cf. Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) ("Although there is some authority for the proposition that the Ninth Amendment is a source of fundamental rights . . . no court of which we are aware has held that the Ninth Amendment establishes a right to choose one's cellmate." (internal citation omitted)); *Parnisi v. Colorado State Hosp.*, 992 F.2d 1223 (10th Cir. 1993) (unpublished table decision) (observing that the Ninth Amendment "has never been applied to prevent the denial of medical treatment to prisoners"); *Muniz v. Goord*, No. 9:04-CV-0479, 2007 WL

2027912, at *9 (N.D.N.Y. July 11, 2007) (collecting cases). Accordingly, Parrish has not stated a claim under the Ninth Amendment.

G

The Court understands Parrish to again be pursuing a due process claim under the Fourteenth Amendment based on the loss and/or destruction of his property. However, as explained in the Court's prior Memorandum, there is no basis for a due process claim here because Pennsylvania law provides Parrish with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Accordingly, Parrish has not stated a basis for a due process claim because state law provides him a remedy for his destroyed property.

IV

For the foregoing reasons, the Court will dismiss Parrish's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).[5] As Parrish was given an opportunity to amend but was unable to cure the defects in his claims, the Court

---

[5] To the extent Parrish intended to reassert claims raised in his original Complaint that are not addressed above by attaching that pleading to his Amended Complaint, those claims fail for the reasons set forth in the Court's prior Memorandum.

concludes that further attempts to amend would be futile.  Accordingly, the Court will dismiss this case with prejudice.  An appropriate Order follows.

**BY THE COURT:**

**_/s/ Gerald J. Pappert_**
**GERALD J. PAPPERT, J.**